CASE 8—PETITION EQUITY—JUNE 12.

# Lockett's adm'x v. James, adm'r, &c.

APPEAL FROM UNION CIRCUIT COURT.

1. DOWER OF SURVIVING WIFE IS NOT BARRED by a conveyance executed by husband and wife which is set aside as fraudulent. (1 Scribner on Dower, 610; 1 Washburn on Real Property, 213.)
2. The fraudulent vendee is not entitled to the dower interest of the wife after the conveyance is adjudged fraudulent, although the wife was not made a party to the proceedings.

JOHN W. LOCKETT, . . . . ⎫
                                ⎬ . . . . For Appellant,
HUGHES, LOCKETT & HUSTON, ⎭

CITED

Revised Statutes, section 20, chapter 24, 1 Stanton, 281.
2 Story's Equity Jurisprudence, section 371.
2 Bibb, 417, Gilpin v. Davis.
5 J. J. Marshall, 76, Anderson v. Bradford.
5 J. J. Marshall, 87, Wickliffe v. Lyons.
12 B. Monroe, 238, Isaacs v. Gearhart.
14 B. Monroe, 584, Phillips v. Jameson.

Lockett's adm'x v. James, adm'r, &c.

1 Metcalfe, 668, Brookover v. Hurst.
5 B. Monroe, 166, Ship v. Bowmar, &c.
4 Metcalfe, 60, Ward v. Crotty.
5 B. Monroe, 298, Marshall v. Hutcheson.
2 Bush, 70, Lowry v. Fisher, &c.
3 Bacon's Ar., title "Dower and Jointure," k. p. 236.
4 Kent's Commentaries, 50.
6 Bush, 82, Dugan v. Massey.        2 Blackstone, 132.

W. P. D. BUSH, . . . . . . . . . . . For Appellees,

CITED

Revised Statutes, secs. 15, 23, chap. 24, 1 Stanton, 280, 283.
6 Bush, 81, Dugan v. Massey.
2 Bush, 70, Lowry v. Fisher, &c.
1 Scribner on Dower, 610–617.
2 Scribner on Dower, 244, note 1.
1 Washburn on Real Property, 213.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT.

In April, 1861, George Payne and wife conveyed a tract of six hundred and five acres of land to Wm. M. Lockett, and shortly thereafter these suits were brought against Payne, with attachments for subjecting the land to the satisfaction of the plaintiff's debts, on the ground that the conveyance was without consideration and intended to defraud the creditors of George Payne. None of the debts were against Payne's wife, nor was she at any time a party to either of the suits. Lockett, being a party, resisted the relief sought, claiming the land as a *bona fide* purchaser under the conveyance to him. But the court decided otherwise, and sustained the attachments, and subjected the whole of the land to the plaintiff's claims, without any reservation either in favor of Lockett or of Mrs. Payne of her right of dower, the title having been in her husband, who had died during the pendency of the actions.

Mrs. Payne being still living, and the proceeds of the land remaining under the control of the court, this appeal is prosecuted by Lockett for a reversal of the judgment of sale, on the ground that the court erred to his prejudice in exposing

the dower of Mrs. Payne to sale for the payment of her husband's debts; it being claimed by him, under the deed of Payne and wife, though fraudulent and void, as a conveyance of the legal title of George Payne, as adjudged by the court. Mrs. Payne not being a party to the record nor before this court, the relative rights of herself and the creditors of her late husband are not the subjects of inquiry or decision upon this appeal, further than they may be incidentally involved by the question whether, notwithstanding the annulment and avoidance of the deed to the appellant as fraudulent, it was not nevertheless still effectual as a conveyance to the appellant of the interest of Mrs. Payne of one third of the land for her life as the widow of George Payne, deceased.

Whatever the state of case may be as between the appellees and Mrs. Payne, it is clear that if the avoidance of the conveyance of the legal title of George Payne also avoided his wife's release in the same deed of her potential right of dower, there can be no error in the judgment subjecting the dower to sale, which could entitle the appellant to a reversal of that judgment.

In the cases of Lowry v. Fisher, &c. (2 Bush, 70) and Dugan v. Massey, &c. (6 Bush, 81) it was substantially held by this court that the surviving wife of the grantor in a fraudulent deed, set aside at the instance of creditors, is not barred of her right of dower as against the creditors or the purchasers under a judgment subjecting the land to their debts; but these cases are not conclusive of the question whether the surviving wife is not estopped by her relinquishment of dower in the fraudulent conveyance as against the grantee in that deed; and if she is, it must logically result that the appellant could successfully resist the judgment of sale as to the dower which he claimed.

But the absolute invalidity of the deed as a conveyance of the legal title being judicially established and admitted, we

are of the opinion that upon its avoidance at the instance of the creditors of George Payne it was no longer effectual, as between the appellant and the surviving widow, as a bar to her right of dower, either as a conveyance or an estoppel. (1 Scribner on Dower, 610; 1 Washburn on Real Property, 213; Robinson v. Bates, 3 Metcalf, Mass., 40.)

This case differs essentially from that of Cantrill v. Risk, 7 Bush, 160, in which the wife of a grantor was held to be bound by her relinquishment of dower in a deed which was not avoided for actual fraud, but made to operate, under the act of 1856, as an assignment of the grantor's property for the benefit of creditors.

Wherefore the judgment is affirmed.