## CHAPMAN v. RANSOM ET AL.

1. **Fraud:** ASSIGNMENT OF CONTRACT. If the intent of the assignment of a contract be to defraud the creditors of the assignor, the assignee can take nothing thereby, and is not entitled, as against the creditors, to withhold from the proceeds of the execution of the contract the amount he may have paid for the assignment.

*Appeal from Des Moines Circuit Court.*

THURSDAY, OCTOBER 19.

PLAINTIFF commenced this action against defendant Ransom to recover a balance due for the building of a burial

vault. Ransom, not disputing the amount claimed, answered that he made the contract for building the vault in writing with one A. Waulbaum, who assigned it to the plaintiff, and that prior to the completion of the work he was garnished as a supposed debtor of Waulbaum, by Cockrell & Trum and R. Kockneiman and W. Mispelt. He asks that said attaching creditors be required to appear, show cause, etc.

The said attaching creditors appeared and answered, averring that the pretended assignment of the contract by said Waulbaum to plaintiff was made without consideration, and for the purpose of defrauding, delaying and hindering the creditors of Waulbaum; and asks that it be so adjudged, and that the balance due from Ransom be declared the property of Waulbaum, and subject to said garnishments, etc.

Chapman replied, denying the allegations of the answers of the attaching creditors.

Ransom paid into court the amount claimed by the plaintiff, and there was trial by the court between the plaintiff and the attaching creditors of Waulbaum, and a judgment that the fund paid into court be subjected to the claims of the attaching creditors. Plaintiff appeals.

*Blake & Hammack*, for appellant.

*Power & Antrobus* and *H. A. Kelly*, for appellees.

ROTHROCK, J.—Errors are assigned by appellant, and it is assumed that the cause is here for trial only on the legal errors duly presented. The question as to whether appellants are entitled to trial anew is not presented, as the record does not disclose whether the evidence was ordered by the court below to be reduced to writing, or that any motion was made with the view of having the case so tried. Code, Sec. 2742. The action was tried by the court, and the finding has the effect of a special verdict. Code, Sec. 2743.

The evidence shows that the written contract for building the vault was made by the defendant Ransom and A. Waulbaum, and that immediately after the contract was made, Waulbaum assigned it to the plaintiff. Ransom refused to

have the contract drawn with Chapman as a party, and objected to its assignment to him. Waulbaum alleged as a reason for making the assignment, that he was in debt and could not hold the contract in his own name. Waulbaum was at the time largely indebted, and Chapman was not present when the contract was made, but afterwards came to Burlington, and was present most of the time until the work was completed.

We are satisfied, upon an examination of the evidence, that Waulbaum made the assignment of the contract to protect himself against his creditors, and that Chapman, when he took the assignment, knew this fact. It is claimed by Chapman that Waulbaum was largely indebted to him, and that he took the assignment with an honest intent to secure his own claim or a part of it.

The business relations between Waulbaum and Chapman are shown by Chapman's testimony to have been quite inti-

1. FRAUD: assignment of contract. mate, and the court below might fairly have found that their relation was such that Chapman was in no danger of loss, and that he took this assignment for the purpose of aiding Waulbaum in hindering other creditors from collecting their claims.

If he did so with this intent, the assignment was void as to Waulbaum's creditors, and Chapman could take nothing under it, not even what he may have paid for labor and materials. If his object was to hinder or delay the creditors of Waulbaum, the law regards the assignment as void, and Waulbaum's creditors are entitled to whatever is due from Ransom. Kerr on Fraud and Mistake, 200, and authorities there cited.

It is not our purpose to review the evidence on the question of Chapman's fraudulent intent in taking the assignment of the contract. It is enough to say that the court below, having heard all the testimony as it fell from the lips of the witnesses, found the assignment to be void for fraud, and we are not prepared to say that the finding is so manifestly against the evidence as to indicate passion or prejudice.

AFFIRMED.