CHIEF JUSTICE WILLIAMS
delivered the opinion of the court.
James C. Dugan, the deceased husband of appellant, being the legal owner of one hundred acres of land in Daviess County, together with appellant, conveyed it by deed of gift to their minor children in the year 1861. Some of the husband’s creditors had it levied on by execution and sold, and became the purchasers thereof at less than two thirds of its appraised value.
*83 Before the year allowed by statute to redeem had expired, James C. Dugan died; after which the creditor and purchaser filed a petition against his surviving widow and children and the volunteer vendees, asserting a lien by virtue of said levy; but abandoning the purchase, and assailing the conveyance of Dugan and wife to their children as fraudulent and done to defeat his creditors— denying, however, any right of dower in his widow, rather asserting that she had relinquished it by said deed and therefore had none — they prayed for a sale of the land, the setting aside of said deed, and that said widow be debarred of dower; all of which the court ordered by judgment of September 5, 1863, and which still remains in full force.
January 9, 1869, the said Amanda P. Dugan filed this petition, setting up her right to dower, and that she was not barred of it by the said deed of her husband, though she had therein relinquished and duly acknowledged it, as said deed had been held fraudulent and void, and that the judgment in said case was erroneous and void. To this petition the court sustained a demurrer and .dismissed it, from which she appeals.
There can scarcely be a doubt that the judgment of 1863 barring her right of dower was erroneous, for a fraudulent • deed set aside at the instance of creditors can not bar the surviving wife of dower as against the creditors or purchasers under a mere decretal sale. (Goodworth v. Paige, 5 Ohio State Rep. 70; Summer's v. Bebb, 13 Ills. 483; Stribling v. Ross, 16 Ills. 122; 1 Washburn on Beal Property, see. 16; Blain v. Harrison, 11 Ills. —; Pixley v. Bennett, 11 Mass. 298; Robinson v. Bates, 3 Met. (Mass.) 40; Randolph v. Doss and wife, 3 How. Miss. 205; Taylor v. Bowler, 18 Ohio Rep. 567; Lowry v. Fisher, 2 Bush, 78.
*84 But the difficulty in this case is as to the judgment of 1863. Mrs. Dugan was then discovert, was a party to the suit, and her dower interest was in litigation, and her right thereto denied in the pleadings. She made no response, and the court adjudicated her rights and barred her. She could have had it reversed on appeal at any time within three years, but she even slept away this long-period. She is now barred of both the right of appeal from, and a review of, that judgment. The court had jurisdiction of the subject-matter, and, although exceedingly erroneous, the judgment is not void. She now has no remedy. This may be hard, but the policy of the law is to give repose to society and certainty to title; therefore it says so long you may be heard to vindicate your rights, but if you remain silent during this period you must ever after remain so. Having slept upon her rights from 1863 to 1869, she will not now be permitted to awaken up and disturb the repose of others, but she must continue to sleep. Such is the legal rule and policy of our statutes, and we can not change it.
Wherefore the judgment is affirmed.