JUDGE ROBERTSON
delivered the opinion op the court.
In addition to tbe cases of Tisdal v. Risk and Carrick v. Risk, jnst decided by tbis court, in’ which judgments for the present appellee for dower out of her husband’s equities were reversed, the circuit court adjudged to her dower also in a large tract of land to which he held the legal title, which he and she had jointly conveyed to one Glenn by mortgage for a simultaneous debt, and afterward conveyed absolutely to the same party as purchaser.
This last judgment also must be reversed on two several grounds:
■ 1. On the petition of creditors the absolute conveyance to Glenn was adjudged to be within the operation of the statute of 1856, which provides that certain assignments shall inure to the benefit of all the assignor’s creditors, and there *160 upon decreed the sale of the land for distribution under that statute. At the sale so ordered the appellant bought all the land at a full price, and procured from the court a conveyance of the legal title. After satisfying the mortgage lien adjudged available, a considerable surplus of the proceeds remained for distribution among the several creditors. As adjudged in the cases referred to, if the appellee be entitled to dower, there being no surplus land unsold to the appellant, the circuit court erred in allotting dower in the land so purchased by the appellant instead of taking it out of the fund for distribution among her husband’s creditors.
2. The absolute conveyance to Glenn passed all the appellee’s initial right to dower, although the court in decreeing the sale of the land conveyed to Glenn pronounced that conveyance void, and the parties to it reinstated where they stood before it was made; yet, there being no authority for any such judgment, that obiter dictum can not have the effect of restoring the title to Risk and wife, and should be construed as meaning only that,( so far as creditors were concerned, the attempted preference was a nullity, and the conveyance to that end void; for, notwithstanding that unjudicial and anomalous sentence of avoidance, the court made that deed the basis of its decree of sale, and thereby adjudged that the deed was not according to the statute wholly void, but operated as an assignment of the title to the use of all the creditors, thus holding the parties to it still bound by it. And how can that judgment restore the appellee to the right which she had transferred irrevocably according to law ?
Had the deed been adjudged voidable by creditors for actual fraud on them, it would still have been binding on the vendor.
; But it was not so adjudged. The legal effect of the only judgment rendered on it was that it was valid and binding as an assignment to all the creditors. A fortiori it did not restore *161 the right to dower which had been alienated by it, whatever may have been the appellee’s secret motive for signing and acknowledging it on privy examination and consenting to its registration. Nor can we see or presume any other motive than that inferable from the face of the deed, and the appellee’s solemn acknowledgment of it as her free and considerate act.
According to the act of 1856, Glenn held the legal title of both Eisk and his wife in trust for his general creditors, and we can not see how her title any more than his lapsed by the sale for all those creditors.
We feel constrained to the judicial conclusion that the appellee has shown no right to dower against the appellant to any extent or in any form.
Wherefore the judgment is reversed, and the cause remanded with instruction to dismiss her petition.