FRANCIS M. TAYLOR *v.* SALLIE CRAWDUS.

**Dower—Right of—Husband and Wife.**
> Where the wife has given a relinquishment of her right of dower, though the commissoiner, when selling the land, proclaimed that the wife had a potential right of dower in it, this would not have the effect of restoring her right.

APPEAL FROM MARION CIRCUIT COURT.

June 21, 1871.

OPINION OF THE COURT BY JUDGE HARDIN:

The principal question in this case was settled in that of *Cantrill vs. Riske, 7 Bush, 160,* in which the wife of a grantor was held to be bound by her relinquishment of dower in a deed, which was not avoided for actual fraud, but construed to operate, under the act of 1856, as an assignment of the grantor's property for the benefit of creditors. The fact that the commissioner or his auctioneer, when selling the 71 acres of land, proclaimed that the appellant had a potential right of dower in it, under a misapprehension of the law, might perhaps, have been a ground for setting the sale aside at the instance of creditors, if their rights were thereby prejudicial; but it did not have the effect of restoring to the appellee her right of dower in the land (*Burton vs. Robinson, decided December 8, 1870*).

Wherefore the judgment is reversed and the cause remanded for a judgment in conformity with this opinion.

*Harrison, for appellant.*