CASE 27—PETITION EQUITY—OCTOBER 25.

# Gideon, Burton & Co. v. Struve and wife.

APPEAL FROM BRACKEN CHANCERY COURT.

1. Struve and wife conveyed to Coleman two acres of ground, on which
they resided.   Certain creditors of S. obtained a judgment of sale of
the lot under the act of 1856, upon the ground that the conveyance
operated as a transfer of all their property to their creditors.   S. and
wife filed a petition for a homestead out of the lot.

2. *Held*, that their conveyance passed all their title for the benefit of S.'s
creditors, and they are not entitled to a homestead in the land con-
veyed.

B. G. WILLIS FOR APPELLANT.

1. The deed from Struve and wife to Coleman operated and was adjudged
to be a conveyance of all his property for the benefit of his creditors.

2. Having passed their title and the deed adjudged to be in force with the
effect mentioned, in no case can they be entitled to a homestead in
the land.   (Cantrill v. Risk, 7 Bush, 159; Leshey v. Perry, 6 Bush,
448; Wing v. Haydon, 10 Bush, 280; Robbins v. Cookendofer, Ibid,
631.)

JUDGE COFER DELIVERED THE OPINION OF THE COURT.

Struve and wife having conveyed to Coleman a lot of two
acres of land in Bridgeville, in Robertson county, on which
they resided with their family, certain creditors of Struve
brought an action under article 2 of chapter 44 of the Gen-
eral Statutes, commonly called the act of 1856, and procured
a judgment to sell it and other property conveyed by Struve
to Coleman and others, on the ground that, under the stat-
ute, the sale operated as an assignment and transfer of all
his estate and effects for the benefit of his creditors.

. The lot in Bridgeville was sold, and Mrs. Struve purchased
it at $800.   She and her husband then filed an answer in the
nature of a petition for the allotment of a homestead, and
the court having adjudged in their favor, the creditors pros-
ecute this appeal from that judgment.

The facts entitle Struve to the exemption, unless it has been lost through the operation of the deed to Coleman. That deed was signed and acknowledged by both husband and wife, and was, according to numerous decisions of this court, sufficient to divest them of the right to the exemption, and they must fail unless they have in some way been reinvested with the right.

It was held in Keuvan v. Specker, 11 Bush, 1, that if a wife unites with her husband in making a conveyance of his land which is actually fraudulent as to his creditors, and the conveyance is set aside at the instance of creditors, the debtor will be entitled to a homestead. The court said the creditors were attempting to subject the land on the ground that it was still the property of their debtor, and that they would not be allowed to do that and then to deny that he was the owner in order to defeat his right to the exemption.

In Lockett v. James (8 Bush, 29) and Dugan v. Massey (6 Bush, 81), it was held that a wife who united with her husband in a conveyance, actually fraudulent as to his creditors, was entitled to dower in the land, the deed having been adjudged fraudulent, and the land sold at the suit of the husband's creditors.

But in Cantrill v. Risk (7 Bush, 158), where a conveyance was made by husband and wife which was, at the suit of creditors, adjudged to be within the act of 1856, it was held that the wife was not entitled to dower in the land.

In that case the court said the deed was not adjudged to be voidable as to creditors; that the effect of the judgment that the conveyance was within the act of 1856 was, that the deed was valid and binding as an assignment to all the creditors. *A fortiori* it did not restore the right to dower which

had been alienated by the deed; that according to the act of 1856 the grantee held the legal title of both the husband and wife in trust for the husband's creditors, and the court could not see how her title, any more than his, lapsed by the sale for all these creditors.

If, as there held, a deed within the statute of 1856 will bar the wife's claim to dower, no reason is perceived why a similar deed will not bar the husband's right to a homestead exemption.

Judgment reversed, and cause remanded, with directions to dismiss the petition for a homestead.