R. B. TURLEY *v.* DINAH VANARSDALE, ET AL.

[Abstract Kentucky Law Reporter, Vol. 6—364.]

**Wife Bound by Judgment.**
    Where a wife is a party to a suit in which it is alleged that she is barred of dower and it is so adjudged she is concluded by the judgment.

APPEAL FROM NELSON CIRCUIT COURT.

November 29, 1884.

OPINION BY JUDGE PRYOR:

The writ of habere facias had already been directed to issue in this case and we perceive no reason why the appellee should complain of the rule issued against her to show cause why she should not surrender the possession. The case had already been decided against her. The judgment in the action to which she was a party

determined the right to the homestead. It was made an issue by the pleadings, it being expressly alleged that she had waived her right to the homestead. She was made a defendant and served with process in due time and if the acknowledgment was defective and made before one not a clerk, or not authorized to take the acknowledgment, the defense should have then been interposed and not having been made it is too late after the judgment to raise such a question. In the case of *Dugan v. Massey,* 6 Bush, 81, the wife was a party to the suit in which it was alleged that she was barred of dower and so adjudged, it was held that this concluded her rights. The object in making her a defendant was to present that question and there is no reason given when the issue was tendered why the appellee did not make her defense. There is something suggested in the briefs about the revivor being necessary after the sale. The death of the party defendant after the sale does not now prevent a conveyance. (See Civil Code, section 394.)

Judgment *reversed* and cause remanded for proceedings consistent with this opinion.

*Bell & Willson, for appellant.*

*W. C. McChord, for appellee.*