84          KENTUCKY REPORTS.      [Vol. 95.

Shinkle's Assignee v. Bristow.    Same v. Bishop.

Case 15—PETITION EQUITY—October 28.

# Shinkle's Assignee v. Bristow.
# Shinkle's Assignee v. Bishop.

### APPEALS FROM KENTON CHANCERY COURT.

1. ASSIGNMENT FOR CREDITORS—DOWER RELINQUISHED BY SEPARATE DEED.—A deed of assignment for the benefit of creditors passes to the assignee the title to the real estate conveyed, although by virtue of statute (Gen. Stats., chap. 63, art. 1, sec. 22) the assignee can not pass the title to another unless the sale shall be in pursuance of a judgment of court, or the maker of the deed of trust shall join in the writing evidencing the sale. Therefore the wife of the assignor may, by a deed subsequently executed by her alone, pass her potential right of dower.
2. TRUST FUND HELD BY ASSIGNOR APPLIED BY HIM TO PAYMENT OF HIS DEBTS.—Where a debtor who made an assignment for the benefit of his creditors was, by an agreement with the assignee, allowed to reserve his family residence in consideration of his removing a lien upon other property and of his wife relinquishing her dower, the lien having, with the knowledge and consent of the assignee, been removed by the use of a fund held by the debtor in trust for others, the beneficiaries of the trust fund are entitled to be reimbursed out of the proceeds of the assigned estate, their money having been applied to the payment of the debts of the assignor with the knowledge and consent of the assignee.
3. VOLUNTARY TRANSFER BY DEBTOR.—The fact that the stock which constituted the trust fund was paid for by the debtor in part out of his own means as a gift to the beneficiaries, who were his children, does not give his creditors the right to subject any part of the fund, as he was at the time of the gift in a prosperous pecuniary condition.

CHARLES H. FISK FOR APPELLANTS.

1. The legal title of Vincent Shinkle to the property mentioned in the trust deed passed to the grantees in that deed, and therefore the separate deed of Emily Shinkle passed her dower. (Gen. Stats., chap. 24, secs. 19, 20 and 21; Harrison, &c., v. Hobbs, &c., 1 Bibb, 152; Reed, &c., v. Welch, &c.; 11 Bush, 459.)

For a distinction between the statute relating to an assignment deed and other deeds of trust, see Ogden v. Grant, 6 Dana, 475; Whitaker v. Blair, &c., 3 J. J. Mar., 236; Prather, &c., v. McDowell, &c., 8 Bush, 46; Ship v. Bowmer, &c., 5 B. M., 164; Hatcher & Wife v. Andrews, 5 Bush, 564; Massey v. Sebastian, 4 Bibb, 436; Stearns v. Swift, 8 Pick., 532; Bigelow on Estoppel, 2d ed., p. 340.

2. There is an entire want of equity in the claim of Mrs. Shinkle, now Mrs. Bristow, and· she is estopped by her deed to claim dower. (Rusk v. Fenton, 14 Bush, 490; Wimmer v. Ficklin, 14 Bush, 193; Drye, &c., v. Cook & Green's Trustees, &c., 14 Bush, 460; Heck v. Fisher, &c., 78 Ky., 646; Connolly v. Branstler, 3 Bush, 702; Craddock v. Tyler, 3 Bush, 361; Athey, &c., v. Knotts, 6 B. M., 29; Divine & Brown v. Steele, 10 B. M., 325; Rudd v. Matthews, 79 Ky., 479; Butler v. Miller, 15 B. Mon., 625; Alexander v. Ellison, &c., 79 Ky., 148; Drake v. Glover, 30 Ala., 382; McCullough v. Wilson, 21 Pa. St., 436; Cantrill v. Risk, 7 Bush, 160; Whitaker, &c., v. Blair, &c., 3 J. J. Mar., 241; Smith v. Wilson, 2 Met., 235; Johnston v. Ferguson, 2 Met., 505; Sharp v. Proctor, 5 Bush, 400; Hobson, &c., v. Hobson's Ex'or, 8 Bush, 666; Hedger v. Ward, &c., 15 B. Mon., 116; Bourne & Wife v. Simpson, 9 B. Mon., 458; Vaughn, &c., v. Hann, 6 B. Mon., 348; Hardin's Ex'ors v. Harrington, &c., 11 Bush, 367; Lockett's Adm'r v. James, &c., 8 Bush, 28; Lowry v. Fisher, 2 Bush, 70; Dugan v. Massey, &c., 6 Bush, 81; Stuart v. Wilder, 17 B. Mon., 58; Willis v. Woodward, 2 Bush, 215.)

3. The Shinkle children are without equity, and ought not to be heard to claim any part of the proceeds of the sale of lot No. 75 on Garrard street. They can not take advantage of their own wrong. (Curd v. Dodds, &c., 6 Bush, 681; Foster v. Shreve, 6 Bush, 519; Brothers v. Porter, &c., 6 B. Mon., 106.)

A latent equity will not avail even infants. (Hardin's Ex'ors v. Harrington, &c., 11 Bush, 373).

JAMES W. BRYAN FOR APPELLANTS.

Appellees having allowed the shares in the building association to be taken in their father's name, and then stood by and allowed him to pledge the stock to Collins without asserting their claim, it is now too late for them to do so. Their conduct was such as to throw the assignees off their guard.

O'HARA & BRYAN OF COUNSEL ON SAME SIDE.

COLLINS & FENLEY FOR APPELLANTS IN SHINKLE'S ASSIGNEES, &c., v. BRISTOW, &c.

1. The deed of assignment passed the legal title to the grantees, and therefore the separate deed subsequently executed by the grantor's wife passed her dower. (Gen. Stats., chap. 24, secs. 19 and 20; Kay v. Jones, 7 J. J. Mar., 40; Cantrill v. Risk, 7 Bush, 160; Lockett's Adm'r v. James' Adm'r, &c., 8 Bush, 28; Dugan v. Massey, 6 Bush, 81; Lowry v. Fisher, 2 Bush, 70; Burrill on Assignments, secs. 42, 100, 104 and 122; United States v. Clark, 1 Paine, 629; United States v. Mott, 1 Paine, 188.)

Sec. 22 of art. 1, chap. 63, Gen. Stats., is not a limitation upon the

title but upon the power of the trustees. (Butler v. Miller, 15 B. M., 625; Reed, &c., v. Welsh, &c., 11 Bush, 461.)

2. Mrs. Shinkle is estopped by her deed. (Craddock v. Tyler, 3 Bush, 361; Connolly v. Branstler, 3 Bush, 702.)

COLLINS & FENLEY AND RICHARD P. ERNST FOR APPELLEES IN SHINKLE'S ASSIGNEE, &c., v. BISHOP, &c.

The money of these appellees having been applied to the discharge of the Sinton mortgage, they are entitled to be reimbursed out of the assigned estate. The law of substitution applies. (Patterson v. Pope, 5 Dana, 245; Wickliffe's Ex'ors v. Breckinridge's Heirs, 1 Bush, 447; Bank of Hopkinsville v. Rudy, 2 Bush, 329; Ætna Life Ins. Co. v. Middleport, 124 U. S., 545; St. Louis Railway v. Commercial Ins. Co., 139 U. S., 235; Treadway v. Pharis' Adm'r, 18 S. W. Rep., 225.)

JAMES P. TARVIN FOR APPELLEE BRISTOW.

L. H. NOBLE FOR CHAMPION COAL & TOW BOAT CO.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

These two appeals being involved in the same litigation will be considered together. Vincent Shinkle in the month of August, in the year 1883, being largely indebted, and the owner of much valuable real estate in the county of Kenton, made a deed of assignment of all his property, real and personal, to Wm. Fenley and R. T. Miller, for the payment of his debts. The assignment was general in its character, and vested in his assignees the title to his real and personal estate. The deed was put to record, and his assignees, upon investigating the condition of his estate, ascertained that one Sinton held a mortgage upon his residence property in Covington, and a vacant lot, for a large sum of money. Shinkle's wife had not united with her husband in the deed of conveyance to the assignees, and therefore had a potential right of dower in all the realty it purported to convey. Shinkle and his wife being desirous of retaining their Garrard street residence, proposed to the assignees to take the Garrard

street residence, subject to the mortgage of Sinton, for seventeen thousand dollars, the household furniture, buggy, harness, and certain stocks in insurance and bridge companies, and in consideration therefor would release the mortgage on the vacant lot, valued at six thousand dollars, so as the assignees would hold it free of incumbrance; and Mrs. Shinkle would also release her dower interest in all the real estate conveyed, *except the residence property*, etc.   The proposition was submitted in writing, signed by both husband and wife, and accepted by the creditors, the assignees being directed to make such conveyances as required upon the compliance by Shinkle and wife with the terms of their proposition.   Shinkle and wife having released the mortgage on the vacant lot, or the one valued at six thousand dollars, the assignees, on the 29th of August, 1883, re-conveyed the Garrard street residence to Vincent Shinkle, subject to Sinton's lien, and Mrs. Shinkle on the same day executed a conveyance relinquishing her dower in all the realty but the family residence.

After the assignees had obtained a perfect title to all the realty but that re-conveyed to Shinkle, they instituted an action to sell the realty and wind up the estate, filing with their petition the exhibits or evidences of title.

After the real estate had been sold under the judgment of the chancellor, Mrs. Shinkle filed her petition to be made a defendant, alleging the death of her husband, and asserting her right to dower in all the real estate conveyed by her husband to the assignees, and if not allotted to her in the realty, that its value be paid over to her from the proceeds of sale.

Her right to dower is claimed because, as she alleges,

the deed to the family residence was, by the terms of the proposition, to have been made to herself and husband jointly, and that when the deed was executed to the husband alone she did not understand its purport—that it was represented to her, when the written proposition was made, that the residence property was to have been conveyed to her. While the written proposition was not binding on the wife, when executing its provisions by the deed relinquishing her potential right of dower, it passed her interest to the assignees, and is irrevocable, unless the parties to it practiced a fraud upon her in order to obtain her relinquishment. That she knew the manner in which the terms of the compromise or settlement were carried out and fully executed is apparent, and there is no pretense that any fraud was practiced upon her by any of the parties interested in the settlement, and the only question of such importance as demands consideration is the effect to be given the deed of the wife relinquishing dower in which the husband has not united. He had previously conveyed all this realty to his assignees by an absolute conveyance for the benefit of creditors; but it is argued this only vested in the assignees an equitable interest, with no power to sell or convey the title, unless empowered to do so by the judgment of the chancellor.

Article 1 of section 22 of chapter 63, General Statutes, is relied on by the wife, who obtained the judgment below, as settling this question. It provides: "No sale of any real estate by a trustee by virtue of a deed of trust or pledge to secure the payment of debts shall be valid, nor shall the conveyance by the trustee pass the title to the property specified in such deed or pledge, unless the sale thereof shall be in pursuance to a judgment of court, or

the maker of such deed or pledge shall join in the writing indorsing the sale."

It is plain the trustee has no power to sell or pass the title except in the manner provided by this statute, and equally clear that but for the statute the trustee could sell and pass the fee.   The title, however, must be in the assignee or the grantor, and under the common law rule it is evidently in the assignee or trustee, but the statute intervenes and places a limitation on the power of the trustee only for the protection of the grantor and creditors, and prohibits a sale and conveyance by him unless by the direction of the chancellor or the consent of the grantor. It does not divest the trustee of the title, but says, in effect, you have the title, but shall not pass it except in the mode prescribed by the statute.   It will not be contended that the trustee would be without power to convey in the absence of this statute, and the limitation placed on his right to sell by its provisions, only requires the passing of the title from the assignee in a prescribed mode, for without this limitation the trustee, being invested with title, could sell and convey at his own will and pleasure.

Section 20 of chapter 24, General Statutes, in regard to the conveyance of real estate by married women, reads : " The conveyance may be by the joint deed of the husband and wife, or by separate instrument, but in the latter case the husband must first convey or have theretofore conveyed."   The husband having conveyed to the assignee, the subsequent conveyance by the wife relinquishing her dower in the land previously conveyed by the husband, passes her potential right.   In Cantrill v. Risk, 7 Bush, 158, the conveyance was held to have been in contemplation of insolvency, and inured to

the benefit of creditors.   The wife set up her claim for
dower in the real estate conveyed, and this court held
that it was a valid deed, and the fact that it was held to
be an assignment did not restore to her the right to dower
which had been alienated by it.    The law may step in
and prevent the alienation of property by the grantee,
although the legal title passes, when others become inter-
ested by reason of the conveyance to him, and he holds
it merely in trust for beneficiaries; and in this class of
cases many reasons exist why the rights of creditors as
well as the grantor should be protected against improvi-
dent sales and conveyances by those vested with the title,
holding it alone for the benefit of others. In our opinion,
the conveyance by the feme passed her potential right of
dower, and the judgment is reversed, with directions to
enter a judgment dismissing the petition of the appellee.

In the other branch of this case is involved the right
of the children of Vincent Shinkle to recover of the
assignees the amount of a trust fund held by Shinkle in
trust for his children, and was appropriated by Shinkle
with the knowledge of the assignees, in releasing the lien
of Sinton on the lot that Shinkle and wife had agreed to
release in the settlement already referred to, by which
Shinkle was permitted to retain his family residence.
Shinkle, in the year 1872, subscribed for his children nine
shares of stock in the Home Security Building and Loan
Association in the city of Covington.   Some of the dues
were paid by Shinkle and some by the children.   In the
year 1879 this corporation ceased to exist, and in payment
of what was coming to these children, handed over to
their father two notes on one Leopold for seven hundred

and fifty-two dollars each, one due on the 1st of January, 1884, and the other on the 1st of January, 1885.

These notes were assigned to V. Shinkle in the following manner:

"Pay to the order of V. Shinkle.

"Home Building Association."

Shinkle held these notes until he made his assignment in August, 1883, and in order to release the lien on the vacant lot, valued at six thousand dollars, and to enable him to retain his family residence under the contract between himself and his wife, on the one part, and his creditors, as stated in the opinion applicable to the wife's claim for dower. He pledged to one Collins both of these notes as collaterals, and obtained from him the money that was applied to the extinguishment of the Sinton lien. Collins collected the notes on Leopold in satisfaction of the amount he had let Shinkle have, holding the notes as collaterals. The children sued Collins, on the ground that he had notice of the trust when he received the notes as collateral, but the court holding otherwise, there was a judgment against them. The children of Shinkle, the appellees, filed a cross-petition in case of Collins, asking the chancellor, in the event that Collins was not liable, that they be allowed out of the proceeds of the sale of this lot the amount of the two notes, with interest. The assignees claim the notes as the property of their grantor and assignor, and deny the right of the children to the money. It is evident from the facts of this case that neither the assignees or V. Shinkle regarded the Leopold notes as a part of V. Shinkle's estate. Shinkle held the notes, and when endeavoring to raise the money to release this lien, the assignees, or one of them, disclaimed any

interest in them, and for that reason Collins took them as collaterals, and advanced the money, as the assignee well knew, for the purpose of releasing this lot from the incumbrance upon it. The money obtained from Collins having been actually paid on the lien claim, and the assignee for creditors occupying no better position than Shinkle himself would, we see no reason why, when the proceeds of this trust fund have been applied in removing their liens, the beneficiaries of the trust are not in equity entitled to a judgment for the amount of these notes with the interest, to be paid out of the proceeds of this sale of the lot. Shinkle paid the proceeds of the trust notes over to Sinton. The assignee informed Collins that he had no claim on the notes. The fund realized from the two notes has been traced directly into the fund belonging to the creditors. It has been applied to the payment of the debts of the trustee with the knowledge of and consent to its appropriation by the assignee. The money is in court out of which this trust can be secured. There has been no laches on the part of the children affecting creditors. But for the payment of this lien out of the trust fund, the assignee would have have been compelled to furnish the money out of the estate of Shinkle, or submit to a sale by Sinton to satisfy the lien. The fund is in court for distribution, and the claims of creditors must be held subordinate to that of the beneficiaries of this trust. While it appears the grantor and father of these children paid the premiums or monthly dues, it is not claimed that he was insolvent at the time, but on the contrary, the facts show that he was then in a prosperous pecuniary condition. The judgment in the case of Bishop and others is affirmed, and reversed as to the widow, now Mrs. Bristow.