---

## N. Y. COMMON PLEAS.

In the Matter of the Accounting of EDWARD H. BAILEY, as assignee of NATHAN L. BURDICK and ISAAC N. BURDICK, insolvent debtors.

*Assignment — who entitled to share in the distribution of the trust fund — What is presentation or proof of claim within the meaning of the statute.*

A creditor, named as such in the schedules, is not entitled to a distributive share of the trust funds without making presentation or proof of his claim.

The statute (*Laws of* 1877, *chap.* 466) does not authorize indiscriminate distribution to all persons named as creditors in the schedules. The naming of a creditor in the schedule is not a presentation or proof of his claim within the meaning and intent of the statute.

If any person has a claim against the trust fund he should present and prove the same and invite an investigation as to its validity. Creditors who have fulfilled these requirements are the only ones entitled to share in the distribution of the fund.

*General Term, April,* 1880.

*Before* DALY, *Ch. J.,* LARREMORE *and* J. F. DALY, *JJ.*

*William Lindsay*, for appellant.

*Noxon Campbell*, for assignee.

LARREMORE, *J.* — This is an appeal from an order on a final accounting directing the distribution of the trust fund among all the creditors named in the schedules of the insolvents, irrespective of any proof of the claims mentioned in such schedules.

The learned judge, from whose order this appeal is taken, has intimated an acquiescence in the view contended for by the appellants (*In re John D. Wienholz, July* 25, 1878). But while reiterating the same opinion in his decision of this application he felt constrained to follow the ruling *In the Matter of the Accounting of Oakley, assignee* (*S.* 2, *vol.* 1 *of American Insolvency Reports*), and granted the order which is the subject of this appeal. The question thereby presented is, whether a creditor, named as such in the schedules, is entitled to a distributive share of the trust funds without making presentation or proof of his claim.

Prior to the act of April 13, 1860 (*Laws of* 1860, *chapter* 348) the only mode of passing the account of an assignee of a trust fund was by a suit in equity in behalf of the party plaintiff and all interested in the assignment who should, after due notice, come in and claim the benefit thereof by proving their claims (*Kerr* agt. *Blodgett*, 48 *N. Y.*, 62).

The act above mentioned was intended as a summary remedy to accomplish the same object, and the various amendments made thereto have all had, for their purpose, the abridging of the practice without impairing the spirit and intention of the law relating to special trusts.

A cardinal principle thereof is the good faith of each transaction subjected to review ; and to this end all the safeguards of inspection, examination and legal adjudication have been made applicable to test the validity and honesty of the proceedings.

Collusion on the part of the assignor or his creditors, or of any party interested, has always been open to legal investigation. The legislature, on June 16, 1877, passed an "Act in relation to assignments of the estates of debtors for the benefit of creditors" (*Laws* 1877, *chap.* 466) which repeals all former acts upon the subject. Section 4 of this act authorizes the assignee to advertise for creditors to present to him their claims with vouchers therefor duly verified. Section 13 provides that a citation for an accounting to all parties who are interested in the fund must be served, except that if the time limited by the advertisement for presentation of claims has expired, before the issue of the citation, creditors who have not duly presented their claims need not be served.

The referee found in favor of the creditors who had presented their claims and who appeared upon the accounting. This ruling was in conformity with the statute, which does not authorize indiscriminate distribution to all persons named as creditors in the schedules. To hold otherwise would be to allow the assignor to pass upon the validity of all claims not presented or proved. The naming of a creditor in the schedule is not a presentation or proof of his claim within the meaning and intent of the statute. An assignor might name in his schedule a creditor for a fictitious debt. The creditor makes no presentation or proof of his claim, thus escaping the scrutiny and examination of the other creditors and, also, the necessity of substantiating his demand by his oath. It is obvious that if no distinction were made between such a claim and claims duly presented and proved a wide door would be opened to fraud and collusion, and an act that was passed for the benefit of creditors perverted.

The assignee is liable on his bond for twenty years unless legally discharged. It is a grave question whether an order for his discharge would protect him in the payment of a claim which was fraudulent, and which the creditors had no opportunity to object to or dispute. If any person has a claim against the trust fund he should present and prove the same

and invite an investigation as to its validity. Creditors who have fulfilled these requirements are the only ones entitled to share in the distribution of the fund.

The order appealed from should be reversed, with costs.

DALY, C. J., concurs; J. F. DALY, J., dissenting.