In the Matter of the Assignment of EUGENE GOUY to LOUIS F. DOYLE for the Benefit of Creditors.

[SPECIAL TERM].

(Decided December 21st, 1885).

Notice of an accounting by an assignee under a general assignment for benefit of creditors must be given to a creditor preferred in the assignment, although such creditor has not presented his claim to the assignee, and the time limited by advertisement for presentation of claims has expired.

APPLICATION to open a decree of this court entered upon the report of a referee upon a final accounting by an assignee under a general assignment for benefit of creditors.

A citation was issued upon the petition of the assignee to all creditors and other persons interested in the assigned estate to attend his final accounting as assignee, but was not served on one Mrs. Durand, a creditor who was preferred in the assignment, but whose claim had not been presented to the assignee before the issue of the citation, although the time limited by the advertisement for creditors to present their claims, published pursuant to the provisions of the General Assignment Act, had expired.    The accounting was referred to a referee, and his report was confirmed and a final decree entered thereupon ; but after the entry of the

decree, Mrs. Durand applied to have the decree opened and the accounting remitted to the referee, and to be allowed to be heard thereon before him.

VAN HOESEN, J.—Mrs. Durand is a preferred creditor, and it was not necessary for her, therefore, to present her claim to the assignee. The assignment made it the duty of the assignee to pay the claim, whether presented or not. Mrs. Durand was, therefore, " one of the parties interested in the fund," and as such, service of the citation should have been made upon her (L. 1877 c. 464 § 13). A preferred creditor, not being under obligation to present his claim, is not deprived of his right to notice of the accounting by the clause of section 13 that provides that " if the time limited by due advertisement for presentation of claims has expired before the issue of the citation, creditors who have not duly presented their claims need not be served." Where a right to participate in the assigned estate must be proved by the creditor, his failure to give notice to the assignee of the existence of his claim is a good reason for leaving him out of the accounting, as well as out of the distribution of the assigned estate. This the statute provides for. Mrs. Durand, not having been notified, is now entitled to question the assignee's account, to attack it before the referee, and to demand from the assignee a full account of his stewardship. The expenses of the new hearing before the referee must be borne by the assignee personally, as it is his fault that Mrs. Durand did not receive notice of the accounting already had. An order may be made remitting the accounting to the referee, with instructions to give Mrs. Durand the same opportunity that she would have had if she had appeared at the first hearing before him.

The exceptions to the report, and the objections to the account, are not now considered. They will be open to examination when the supplemental report comes up for consideration.

Decree opened and report remitted to referee.