Such seems to have been the opinion of the trial judge. Under such circumstances we are authorized to award a new trial (*Kaare* v. *T. S. & I. Co.*, 139 N. Y. 376, 377), and for these reasons I conclude that the judgment and order should be reversed.

All concurred.

Judgment and order reversed and a new trial granted, costs to abide the event.

---

In the Matter of the General Assignment of HENRY B. NIMS and H. MILES NIMS to S. AUGUSTUS SILLIMAN for the Benefit of Creditors.

S. AUGUSTUS SILLIMAN, as Assignee, etc., Appellant; BEVERLY YOUNG, Respondent.

*General assignment for creditors — a preferred creditor is not obliged to prove his claim to entitle him to notice of final settlement.*

A person named in a general assignment, made for the benefit of creditors, as a preferred creditor, the amount of whose claim is specifically stated, must be served with the citation issued in a proceeding by the assignee for a judicial settlement of his accounts, notwithstanding the fact that he has failed to present and prove his claim within the time mentioned in the advertisement for claims; and although section 13 of the General Assignment Act (Chap. 466 of the Laws of 1877, as amended by chap. 318 of the Laws of 1878) provides that the citation issued in such a proceeding need not be served upon creditors if the time limited for the presentation of their claims has expired, and that subdivision 5 of section 20 of said act provides that the County Court may make a decree, upon the final accounting, discharging the assignee, among other things, from further liability to creditors who have not presented their claims against the estate after due advertisement for the same has been made.

THIRD DEPARTMENT, NOVEMBER TERM, 1897.          [Vol. 22.

The fact in such a case that the creditor in question is a preferred creditor of the second class, and that the claims of the preferred creditors of the first class are sufficient to use up the entire one-third of the assigned estate, beyond which preferences are invalid, is immaterial.

HERRICK, J., dissented.

APPEAL by S. Augustus Silliman, as assignee, etc., of Henry B. Nims and H. Miles Nims, from an order of the County Court of Rensselaer county, entered in the office of the clerk of the county of Rensselaer on the 23d day of June, 1897, requiring him to render an account of his proceedings as such assignee.

On December 27, 1895, the assignors above named made a general assignment for the benefit of their creditors to Silliman, who accepted the trust and entered upon the duties thereof. Such assignment created a first and second class of preferred creditors. The petitioner, Beverly Young, was named in the second class as a creditor to the amount of $525, with interest from October 5, 1895, upon a note executed to him by the assignors for money loaned.

On the 29th of September, 1896, the County Court of Rensselaer county, upon the application of such assignee, made a decree finally settling his accounts under such assignment, distributing the fund received by him thereunder, and directing that, upon complying with the provisions of such order, he, the assignee, should be entitled without further notice to an order discharging him from all further liability as such assignee. On the 2d of October, 1896, upon his affidavit that he had complied with the requirements of such decree, and paid over the moneys as thereby directed, an order was made by such court discharging such assignee from all further liability as to "all creditors appearing or not appearing, or who have not presented their claims after due advertisement."

The decree above referred to recites that the assignee had advertised for creditors to present their claims, in accordance with an order therefor, and that the time for such presentation had expired; that the assignee had filed his accounts, and that a citation to all persons interested in said estate had been *issued* to attend a settlement thereof. Upon the return day of such citation an adjournment was taken and subsequently the decree was entered. It appeared that one-third of the assigned estate, after paying the wages of employees and the commissions and expenses of executing

the trust, was not sufficient to pay in full the debts named in the class first preferred. Such one-third was, therefore, directed to be paid over to the owners of such debts in full of such preferred claims. The decree then recites, in substance, that one Henry II. Darling is the only creditor who has proved his claim against the estate, and that the amount thereof exceeds the balance of assets remaining in the assignee's hands after the payment of the one-third upon the debts first preferred, and it is, therefore, ordered that the entire balance of assets so remaining be paid over by such assignee to said Darling.

There were some ten creditors named in the second preferred class, of whom Beverly Young was one, as above stated, and the indebtedness to each was specifically stated. And it appears that each of such creditors was left out of the distribution of the assigned estate, apparently upon the ground that such creditors had not proved their claims against the estate.

On the 3d of February, 1897, Beverly Young presented his petition to the said County Court praying that said Silliman be required to account as such assignee, and in such petition he avers that no settlement of his accounts or distribution of the assigned assets had ever been had. Upon this petition a citation was issued to the assignee requiring him to show cause why a settlement of his accounts should not be had. On the return day of such citation the assignee appeared and filed an affidavit which, among other things, stated the facts of the settlement and accounting above set forth, produced the decrees above referred to, stated that a notice to creditors to present their claims against the estate had been duly published, and that the citation issued by the County Court upon his said petition had been "duly served on all persons who had filed claims against said estate, and all other persons required to be served by law." The record does not show upon what particular persons such citation was served, nor does it anywhere appear that it was served upon the petitioner, Beverly Young, other than may be inferred from the statement above quoted. It is also stated in such affidavit that Beverly Young has never filed any account or claim against the estate.

Upon the filing of such affidavit the County Court, in response to said petition of Beverly Young, made an order requiring said

assignee to make and render his account as required by law, and
that the petitioner have ten dollars costs of the motion to be paid by
said assignee.

From such order the assignee has brought this appeal.

*Davenport & Hollister*, for the appellant.

*Charles D. Lockwood* and *F. E. Draper, Jr.*, for the respondent.

PARKER, P. J. :

If the citation which was issued upon the application of the
assignee for a final settlement of his accounts was served upon Bev-
erly Young, it is plain that he is concluded by the decree which was
made in those proceedings, and that he cannot have another account-
ing in another proceeding instituted by himself. It is not entirely
clear, however, from the record before us, whether such citation
was or was not served upon him. He does not, in his petition in
this proceeding, claim that it was not, nor has he filed any affidavit
or made any proof to that effect. But the decree itself does not
recite that the citation was served upon any one. The burden of
proof, therefore, is upon the assignee to show that such service was
made before he can claim that the decree is conclusive against
Young. And as there is no direct proof before us to that effect,
and as the assignee, in his affidavit, does not distinctly so state, we
conclude that we must consider this case upon the theory that
Young was not made a party to those proceedings.

That being the case, he is not concluded by the decree in ques-
tion, and is entitled to have the assignee account to him, unless by
his omission to prove his claim he has waived his right to notice of
the assignee's accounting, and is barred by the decree made thereon.

Section 11 of the General Assignment Act (Chap. 466, Laws of
1877, as amended by chap. 318, Laws of 1878) provides that upon
the assignee's petition for a final settlement of his accounts a citation
may be issued by the County Court to "all parties interested" in
the estate. Section 13 of such act, as so amended, provides that
such citation must be *served* on all persons who are interested in the
fund, except that if the time limited by due advertisement for cred-
itors to present their claims has expired, creditors who have not
duly presented their claims need not be served. And by section 20

of such act, subdivision 5, it is provided that on a final accounting the County Court has power to make a decree discharging the assignee from all further liability (upon matters included in the accounting) to creditors who have appeared on the accounting, to creditors who have not appeared, after being duly cited, and to those creditors who have not presented their claims against the estate after due advertisement for the same has been made.

It is claimed by the assignee that under these provisions Young, not having proved his claim against the estate, was not entitled to any notice of the accounting, and was, by the express provisions of section 20, bound by the decree made therein.

On the part of Young it is claimed that, inasmuch as he is mentioned in the second preferred class as a creditor, and the assignee is directed to pay him the debt therein specified, he was not obliged to present or to prove his claim; that his interest in the estate appears from the assignment itself, and that, therefore, he was entitled to notice of the accounting, and should not be deemed a creditor who has omitted to present his claim against the estate, within the provisions of section 20, above referred to.

The reason why a general creditor should be required to present and prove his claim, in order to become entitled to a distributive share of the estate, is apparent. If he omits to do so, within the time fixed by the advertisement for claims, it is not unjust to assume that he makes no claim, and the assignee is not required to search further for persons interested in the estate. In ordinary cases service of the citation upon those who have responded to that notice is deemed, by the statute, to reach all persons interested. But in those instances where the assignment itself, under which the assignee receives his authority to act, names a person as a creditor and specifically directs that his debt be paid, it is plain that he is a party interested, even though he has not presented his claim. And there seems to be no reason why he should be required to present or to prove a claim that is so recognized, and the duty of paying which is already imposed upon the assignee. The statute should be so construed as to carry out its plain purpose and intent.

By section 11 it is required that the citation issue to all persons interested. Surely the intent was to have it served upon all those to whom it is issued. Persons interested, therefore, are the ones

whom the statute intends should be cited. If there had been funds sufficient, it would have been the assignee's duty to pay Young, although he had not proved his claim. He was known to the assignee to be a person interested, and we do not think that the statute intended that he should be treated as one who was not. Nor do we believe that it was the intention of the statute to authorize an assignee to settle his accounts and take a conclusive decree distributing the estate without giving notice to those whom he is directed to pay.

This view has been taken at Special Term in *The Matter of Gouy* (13 Daly, 413), and we concur with the reasoning therein contained.

It is further claimed by the assignee that, because those preferred in the second class are to be paid only in the event that one-third of the estate, which alone is applicable to the payment of preferred claims, is sufficient to pay the first class in full, and because such one-third was insufficient to fully pay such class, the petitioner Young stands as a general creditor, and derives no especial aid from the assignment.

But his character as a creditor, and the amount of his debt, are fixed by the assignment, and though he may not be entitled to share in the one-third of the estate as a preferred creditor, his position as a creditor entitled to a distributive share of the remaining two-thirds is apparent. Moreover, he has a plain interest in the accounting, in order to be assured that the one-third of the estate is fully accounted for and properly distributed.

We conclude that the decree in question is not a bar to the petitioner's right to an accounting, and that, therefore, the order appealed from should be affirmed.

All concurred, except HERRICK, J., dissenting.

HERRICK, J. (dissenting):

I find myself unable to assent to the proposition that it is unnecessary for a preferred creditor to prove his claim.

In this case it appears that before the issuing of the citation the assignee had advertised for creditors to present their claims, and that the time for such presentation had expired.

Under section 13 of chapter 466 of the Laws of 1877, as amended by chapter 318 of the Laws of 1878, it was unnecessary to

serve a citation upon the creditors who had not duly presented their claims, and, therefore, there was no necessity to serve a citation upon the respondent in this case, unless the fact that he was named as a preferred creditor in the assignment made it unnecessary for him to prove his claim.

Section 20 provides that, upon an accounting, the county judge shall have power to " discharge the assignee and his surety at any time upon performance of the decree from all further liability upon matters included in the accounting, to creditors appearing and to creditors not having appeared after due citation, or not having presented their claims after due advertisement."

This means creditors, I assume, of all kinds and classes, and there is no warrant in the statute for excluding preferred creditors from the obligation of presenting and proving their claims. Being classified in the order of preference does not take them out of the term " creditors " used in the statute. The fact that the assignor directs their payment first makes no difference.

The statute, section 3, requires the assignor, amongst other things, to embrace in his schedule a full and true account of all the creditors of such debtor, with the sum owing to each, and the true cause and consideration of such indebtedness. And in the case of a general assignment without preferences, the trust of the assignee is to distribute the estate amongst the persons named in the schedule, together with such others as may be present and prove their claims.

The fact that he takes the estate subject to such trust does not relieve the creditors from the obligation of proving their claims.

It has been held that a person whose name appears as a creditor in the schedule of an assignor who has assigned for the benefit of creditors, but who does not present any proof of his claims to the assignee, cannot have a share in the estate. (*Matter of Burdick*, 10 Daly, 49.)

And the court there says that, " to hold otherwise, would be to allow the assignor to pass upon the validity of all claims not presented or proved. The naming of a creditor in the schedule is not a presentation or proof of his claim within the meaning and intent of the statute. An assignor might name in his schedule a creditor for a fictitious debt. The creditor makes no presentation or proof

of his claims, thus escaping the scrutiny and examination of the other creditors, and also the necessity of substantiating his demand by his oath. It is obvious that if no distinction were made between such a claim, and claims duly presented and proved, a wide door would be opened to fraud and collusion, and an act that was passed for the benefit of creditors perverted."

The same principle that applies to the general creditor applies to the preferred creditor ; there is no reason for any distinction between different classes of creditors, excepting the order in which they shall be paid.

The statute makes no distinction. It speaks of creditors generally, and within its terms embraces all classes of creditors, and, where the statute makes no distinction, I do not see that we can.

And the reasons given in the *Matter of Burdick (supra)*, why a general creditor named in the schedule should prove his claim, apply with equal force to preferred creditors.

I, therefore, advise a reversal of the order appealed from.

Order affirmed, with ten dollars costs and disbursements.